## BOARD OF EDUCATION OF TERRACE PARK v. BOARD OF EDUCATION OF INDIAN HILL LOCAL SCHOOL DISTRICT.

Common Pleas Court, Hamilton County.

No. A-125649.   Decided April 13, 1951.

Robert G. McIntosh, Cincinnati, for plaintiff.

Robert L. Black, Jr., of Cincinnati, for defendant, Board of Education of Indian Hill Local School District.

## OPINION

By WEBER, J.

This is an action to perpetually enjoin the transfer to the Indian Hill School District of certain territory within the corporate limits of the Village of Indian Hill but now a part of the School District of the plaintiff, known as the Terrace Park School District.

The matter comes before the Court on the pleadings, an agreed stipulation of facts, and the arguments and briefs of counsel. For convenience the agreed stipulation of facts is herein quoted.

Now come Plaintiff Board of Education of Terrace Park Local School District and Defendant Board of Education of Indian Hill Local School District and stipulate that the following facts are true and that this cause may be submitted for the decision of the Court on this stipulation.

1. The Plaintiff Board of Education of Terrace Park Local School District is the duly constituted Board of Education of said local school district; the Defendant George Guckenberger is the Auditor of Hamilton County; the Defendant Hamilton County Board of Education is the duly constituted Board of Education of said county; and Defendant Board of Education of Indian Hill Local School District is the duly constituted Board of Education of said local school district.

2. On November 7, 1950, Terrace Park Local School District comprised all of the Village of Terrace Park as well as a portion outside of said Village, part of which was within the Village of Indian Hill. Also on said date, the Indian Hill Local School District comprised the major part of the territory lying within the corporate limits of the Village of Indian Hill, as

well as parts lying outside said Village, but did not include those parts of said Village lying within the Terrace Park Local School District, the Madeira Local School District and the Sycamore Local School District.

3. The Villages of Terrace Park and Indian Hill are duly constituted and organized municipal corporations under the Ohio General Code, classified as villages.

4. The map attached hereto, marked "Exhibit A," and made part hereof, correctly sets forth the boundaries of said two local school districts and said two municipal corporations insofar as those boundaries are pertinent to this case.

5. Prior to November 7, 1950, certain residents of that part of the Village of Indian Hill lying within the Terrace Park Local School District initiated, circulated and filed with the Board of Elections of Hamilton County a petition under §4831-15 GC proposing to transfer such territory from Terrace Park Local School District to Indian Hill Local School District, so as to make the lines of Indian Hill Local School District coincide with the corporate lines of the Village of Indian Hill except in the case of those parts outside said Village. Defendant Board of Education of Indian Hill Local School District did not authorize, circulate or file such petition. A blank copy of such petition is attached hereto, marked "Exhibit B" and made a part hereof.

6. Said petition was granted by said Board of Elections, over the protest of Plaintiff, and the question was submitted to the electors of the territory affected on November 7, 1950. The vote at said election on the question of the transfer of that territory of the Village of Indian Hill lying within the Terrace Park Local School District from such school district to the Indian Hill Local School District was 65 in favor, and 1 opposed, as certified by said Board of Elections on or about November 17, 1950. A photostat of said certificate is attached hereto, marked "Exhibit C" and made a part hereof.

The form of the petition for an election, referred to in the stipulation and attached thereto as Exhibit B, is also herein quoted.

"We, the undersigned, being at least ten percentum (10%) of the qualified electors residing within that portion of Precincts A and B of the Village of Indian Hill, which is part of the Terrace Park Local School District, being a School District of another municipality, hereby petition the Board of Elections of Hamilton County, Ohio, proposing to transfer such territory to the Indian Hill Local School District, so as to make the lines of such District coincide with the corporate lines of the Village of Indian Hill, and request that the issue

of whether or not said territory be so transferred be submitted to the qualified electors of said territory at the next general election, all in accordance with the provisions of §4831-15 GC."

The plaintiff claims that said transfer would be invalid because the proceedings alleged to authorize the same were taken under §4831-15 GC instead of §4831-13 GC. The plaintiff's sole contention is that the procedure prescribed by §4831-15 GC applies only to transfers of territory which is a part of an autonomous school district, that is either a part of a city school district or an exempted village school district, whereas the plaintiff, the Terrace Park School District, and the defendant, the Indian Hill School District, are what are known as local school districts, which are under the supervision of the County School Board and the territory of which can only be transferred according to the procedure prescribed by 4831-13 GC.

A proper determination of the question presented requires the preliminary resort to certain definitions.

Sec. 4677 GC:

"* * * the word 'municipality' shall mean a municipal corporation; * * *"

28 O. Jur. 40:

"A municipal corporation may be defined as a body politic and corporate consisting of the inhabitants of a definite area * * * and established under the authority of the State."

Sec. 3497 GC:

"Municipal corporations, which, at the last federal census, had a population of five thousand or more, shall be cities. All other municipal corporations shall be villages. * * *."

Sec. 4830 GC:

"The school districts of the state shall be styled, respectively, city school districts, local school districts, exempted village school districts, county school districts, joint high school districts and joint vocational school districts."

Sec. 4830-7 GC:

An exempt school district is one "which contains within its territorial boundaries: (1) all the territory lying within the corporate limits of a village having a population of three thousand or more * * *; or (2) all of the territory lying within the corporate limits of a village having a population of two thousand or more * * * and a population outside of the corporate limits of said village, * * * sufficient to make the total population of such district three thousand or more, * * *"
and which has notified the county board of education that its school board, by a majority vote of its full membership, has declared that such local school board shall be exempt from the supervision of the county board of education.

Sec. 4830-4 GC:

"The territory within the territorial limits of a county, exclusive of the territory embraced in any city school district, exempted village school district, and excluding the territory detached therefrom for school purposes and including the territory attached thereto for school purposes shall constitute a county school district."

Sec. 4830-2 GC:

"* * * All school districts created after the effective date of this act, other than city school districts, exempted village school districts, county school districts or joint vocational school districts, shall be known and styled as local school districts."

As set forth in the agreed stipulation of facts the Indian Hill School District and the Terrace Park School District are local school districts.

Sec. 4831 GC, and subsections thereto, became effective in 1947. These sections provide the various methods for transferring and redistributing the territory within the various classes of school districts. All said transfers, except such as are provided by subsection 15, require action by the county board of education and in some cases also by the superintendent of public instruction. Subsection 15 is the only section providing for transfers by a vote of the people and the transfer so accomplished is mandatory. The plaintiff claims that the transfer attempted in this case could be accomplished only according to provisions of subsection 13, which reads in part as follows:

"If a county board of education deems it advisable to transfer territory from a local school district within the county school district to an adjoining county school district or to an adjoining city or exempted village school district, such transfer may be made by the county board of education * * *. * * * a petition requesting the transfer of territory from a local school district of the county school district to an adjoining county school district or to an adjoining city or exempted village school district, * * *."

The above procedure is not applicable to the situation under consideration, which involves the transfer of territory from a local school district to a local school district. A local school district is not included as a transferee in the above section.

In the case under consideration the procedure was taken under subsection 15 which reads in part as follows:

"In addition to and supplementary to the provisions of §4831-14 GC, if a petition, signed by ten per centum of the qualified electors residing within that portion of a munici-

pality which is part of a school district of another municipality, proposing to transfer such territory to the school district of the municipality of residence, so as to make the lines of such district coincide with the corporate lines of the municipality, is filed with the board of elections, there shall be submitted to the qualified electors of the territory affected the question of the transfer of such territory. If a majority of the electors voting on the proposal vote in favor thereof the transfer of territory shall be carried out on June 15 next following the date of such approval by the electors.

"* * *."

Standing alone there is no ambiguity in the above provisions. The word "municipality" is a technical word and, according to the statutory definitions hereinbefore quoted, includes all cities and villages. It makes no distinction between villages, based upon school district nomenclature but includes all villages. The character of the territory to be transferred has no particular reference to and is not qualified by the character of the school district from which or to which the transfer is to be made. The character of the territory itself, as a part of a city or any village, is the subject matter. The purpose is to transfer such corporate territory from the school district of another city or village to the school district of the city or village of residence, so as to make the lines of such school district to coincide with the corporate lines of the city or village of residence. If the word "municipality," as used in the above sections, is given its proper meaning, the situation before the court fits exactly into said provisions. Its application requires no addition, deletion, modification of meaning, or transposition of words. The territory in which the election was held is a portion of the village of Indian Hill, a municipality, and is a part of the school district of another municipality, the Village of Terrace Park, and the question voted upon was a proposal to transfer said territory to the school district of Indian Hill (the municipality of residence). But the plaintiff claims that §4831-15 GC cannot be read separately for the reason that it states:

"In addition to and supplementary to the provisions of §4831-14 GC."

Subsection 14 reads in part as follows:

"If the board of education of a city school district or of an exempted village school district deems it advisable to transfer territory from such district to an adjoining city or exempted village school district or to a county school district, or if a petition, signed by 75% of the qualified electors residing within that portion of a city or exempted village school dis-

trict proposed to be transferred voting at the last general election, requests such a transfer, the board of education of the district * * *.

Not later than the first day of September the superintendent of public instruction shall either approve or disapprove a proposed transfer * * *."

The plaintiff claims that since subsection 15 is made supplementary to subsection 14, it must be interpreted in connection therewith and since the subject matter of subsection 14 is the transfer of territory which is defined by the character of the school district from which it is to be transferred, the character of the territory to be transferred under subsection 15 must also be defined, at least partially, by the character of the school district from which it is to be transferred.

Words and Phrases furnishes this definition:

"A supplementary act is that which supplies a deficiency, adds to or completes, or extends that which is already in existence, without changing or modifying the original, and is only to improve the existing statute by adding something thereto without changing the original text."

Applying the above definition we are of the opinion that the above argument of the plaintiff is not sound, but, if so, it is still a question whether the legislature, by the words "supplementary to" intended to modify the plain and unambiguous meaning of subsection 15, when read alone, if a considerable ambiguity results. The inquiry is whether an ambiguity results if the argument of the plaintiff is adopted and applied. It claims that the word "municipality," which is used several times in subsection 15, is limited in meaning to a municipality such as is referred to in subsection 14. that is any city or village whose entire territory is in the same school district (an exempted village school district), excluding all other villages. Subsection 15 if so interpreted, by changing the word "municipality" would read:

"If a petition signed by ten per centum of the qualified electors residing within that portion of a city or an exempted village school district (municipality) which is part of a school district of another city or exempted village school district (municipality), proposing to transfer such territory to the city or exempted village school district (municipality) of residence, so as to make the lines of such district coincide with the corporate lines of the city or exempted village school district (municipality) * * *."

This is a radical change in the technical meaning of the word "municipality." Is such a change compelled by the

mere use of the words "supplementary to"? This court is of the opinion that a negative answer to this question is found in the case of **Wachendorf v. Shaver, 149 Oh St 231, 36 O. O. 554**, from which we make the following lengthy quotation:

Syllabus 4—"The fact that particular legislative enactment provides in the enacting clause that such enactment is supplemental to another statute is not controlling as to legislative intent and will be given no consideration by the court when the application of the language in the enacting clause would render the meaning of such particular enactment contrary to the clear intent of the Legislature as expressed therein."

Page 236—"In the construction of statutes, it is the legislative intent manifested in the statute that is of importance, and such intent must be determined primarily from the language of the statute, which affords the best means of the exposition of the intent. Indeed, it is the duty of the courts to give a statute the interpretation its language calls for where this can reasonably be done, and the general rule is that no intent may be imputed to the Legislature in the enactment of a law, other than such as is supported by the language of the law itself. The courts may not speculate, apart from the words, as to the probable intent of the Legislature. As a reason for these rules, it has been declared that the Legislature must be assumed or presumed to know the meaning of words, to have used the words of a statute advisedly and to have expressed legislative intent by the use of the words found in the statute; that nothing may be read into a statute which is not within the manifest intention of the Legislature as gathered from the act itself; and that the court may write no limitations therein. As variously expressed, the statute may not be restricted, constricted, qualified, narrowed or abridged. Hence, general words are to have a general operation, where the manifest intention of the Legislature affords no ground for qualifying or restraining them. Under this rule, where the statute is expressed in general language, it is to be applied to all cases coming within its terms. The Legislature will be presumed to have intended to make no limitations to a statute in which it has included by general language many subjects, persons or entities, without limitation. It is a general rule that courts, in the interpretation of a statute, may not take, strike or read anything out of a statute, or delete, subtract or omit anything therefrom."

Page 243—"The declaration of the Legislature in the title

to the act that it is only supplementary legislation is by no means controlling, if the effect of the enactment is to change existing laws.

"This court is not holding that the title of an act may not be resorted to as an aid in the construction of the act if it is ambiguous, but when the act is unambiguous and the intent clear, the title of the act is for such resort of no consequence. The title of an act is never employed to defeat the clear intent of the Legislature."

In the case of Wachendorf v. Shaver, supra, certain statutes provided for the incorporation of platted territory and adjacent unplatted territory by procedures before the county commissioners. Subsequently statutes were enacted providing that any territory could be incorporated by proceedings before the township trustees and these later statutes were made supplementary to the earlier statutes. It was contended that the words "any territory," being contained in statutes supplementary to statutes covering platted land, could mean only unplatted lands. The court held that the words "any territory" must be given their plain and all inclusive meaning so as to include both platted and unplatted land and that the words "supplementary to" should be ignored.

In the case at bar, the word "municipality" is used four times in subsection 15; whatever its meaning, it should be the same throughout. The plaintiff claims that since subsection 15 is supplementary to subsection 14, the word "municipality" means cities and only such villages as are contained in exempted village school districts. The ambiguity created by such a meaning is made manifest when subsection 15, so interpreted, is attempted to be applied. An exempted village school district may contain territory outside its corporate limits but it must contain all the territory within its corporate limits. This being the case, no portion of the corporation contained in an exempted village school district can ever be a part of another school district and, therefore, in the case of such a village there can never be an occasion for transferring a portion of it to the school district of the village (municipality) of residence. Consequently, the interpretation contended for by the plaintiff not only requires that the word "municipality" in subsection 15 be given a restricted meaning but also that it be given different meanings in the same subsection. Applying such interpretation subsection 15 would read

Residing within that portion of a (municipality) city which is a part of the school district of another (municipality) city or another village contained in an exempted village school

district, proposing to transfer such territory to the school district of the (municipality) city of residence.

In view of the fact that if the word "municipality" is given its statutory meaning there is no ambiguity in subsection 15, it cannot be presumed that the legislature by the use of the words "in addition to and supplementary to" intended to give the word "municipality" an unusual meaning and one which creates such inconsistencies and ambiguities. The words "in addition to and supplementary to" should be ignored.

The court holds that the word "municipality," as used in subsection 15, includes all municipalities and means a city or any village; that the proceedings taken under authority of said subsection 15, as set forth in the agreed stipulation, are valid; that the portion of the Village of Indian Hill which was a part of the Terrace Park Local School District has been legally transferred by a vote of the people residing therein to the Indian Hill Local School District; that the temporary injunction should be and is hereby dissolved, and that the prayer for an order permanently enjoining such transfer should be and is hereby denied.